UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL WASHINGTON,

    Plaintiff,

v.                                    Case No. 12-C-33

ANDREW MATSON,

    Defendant.

## DECISION AND ORDER

In this § 1983 action Plaintiff Michael Washington alleges that City of Racine Police Officer Andrew Matson used excessive force during Matson's arrest. Matson has now moved for summary judgment. For the reasons given below, the motion will be granted and the case dismissed.

In the early morning hours of April 1, 2011, a Racine police dispatcher alerted officers to a residential burglary on 14th Street. The dispatcher stated that the suspect had left the home and described the suspect as a heavy-set black male wearing blue jeans and wearing a winter jacket. Officer Matson soon arrived on the scene and saw a black male walking in a parking lot across from the reported burglary site. Matson pulled his squad car over and yelled at the man to stop. According to Matson, the man (Washington) saw him but failed to stop. Matson left the vehicle and continued to yell at Washington to stop, but Washington continued to walk towards him. When Washington was about five feet from him, Officer Matson fired his Taser at Washington's chest. The shock caused Washington to fall and he soon succumbed to Matson and another officer who had arrived on the scene. Washington, who complained of pain but was unhurt other than for some

slight abrasions to his palm from falling onto the grass, was subsequently arrested, tried and convicted of burglary and obstructing an officer.[1]

Washington's version of events is somewhat unclear, although this is not surprising given that he had been drinking, smoking marijuana and using crack cocaine on the night in question prior to his interaction with Officer Matson. (DPFOF ¶ 22.) By his own account, he was approaching Officer Matson and failed to stop. Washington states in his affidavit that he "heard someone yell what sounded like come here" (ECF No. 32, ¶ 4), but he does not deny that Matson actually was yelling for him to stop; only that in his intoxicated and drug induced stupor, he did not understand Matson to be ordering him to stop. Moreover, to the extent Washington is trying to deny that Matson told him to stop, his affidavit is in direct conflict with his complaint wherein he alleged that "[t]he reason the officer used the taser is that I didn't follow a direct order." (ECF No. 1, at 3.) In any event, Washington argues that he posed no danger to Matson and that Matson was subjectively imagining any danger.

Washington's response, even if considered by the court, does not raise a material issue of fact as to whether Washington failed to comply with Matson's directions that he stop. And in cases like this the situation must be judged from the point of view of a reasonable officer, not the subjective view of the officer on the scene. *Graham v. Connor,* 490 U.S. 386, 395 (1989). When a suspect in the immediate vicinity of a burglary ignores an order to halt and instead continues to approach the officer, some degree of force is reasonable. Factors an officer must consider include the severity of

---

[1] Washington has not complied with the requirement that he include citations to the record in his response to the movant's proposed findings of fact and has thus not properly contested the Defendants' version of events. As noted herein, however, even his own version of events is insufficient to raise a genuine dispute as to a material issue of fact.

2

the offense, whether the suspect is resisting, and whether he poses a threat to the officer's safety. *Id.* at 396. Here, Washington does not deny that he matched a description of the suspect; that he was directly across the street from the burglary; and that he was approaching Officer Matson rather than stopping or fleeing. And of course it was also the middle of the night. Given these factors, Washington's behavior would have given a reasonable officer cause to use a single Taser charge to stop Washington and secure his arrest.

The officer does not need to have one-hundred percent certainty that the suspect intends to harm him; under such circumstances, he is entitled to place his own safety first if there is even a reasonable chance that a suspect could be dangerous. It should be remembered that a Taser is an alternative to the use of *deadly* force, and in fact Tasers and other types of stun guns often save suspects' lives by allowing the officers an alternative to their firearm. There is no suggestion that the Taser was used for anything other than to secure Washington's arrest by temporarily stunning him and to thwart a potential threat to the officer himself. In circumstances like those on the night in question, the officer does not need to give the suspect the benefit of the doubt. Here, Washington has not disputed the essential elements underlying the officer's claim that his use of non-deadly force was reasonable. Given the undisputed facts, I conclude that Officer Matson is entitled to summary judgment. The motion for summary judgment is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED** this  17th  day of January, 2013.

           s/ William C. Griesbach  
           William C. Griesbach, Chief Judge  
           United States District Court

3

Case 1:12-cv-00033-WCG    Filed 01/17/13    Page 3 of 3    Document 36